UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED

NOV 14 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:25-CR-137-KKC

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                          PLEA AGREEMENT

ARIELL L. ZULEWSKI                                                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to both counts of the Information filed against her. The Information charges a violation of 18 U.S.C. §2244(a)(4), abusive sexual contact, and 18 U.S.C. § 201(c)(1)(B), receipt of an illegal gratuity.

2a. The essential elements of Count One of the Information are:

    (a) The Defendant knowingly engaged in sexual contact with another person;

    (b) that the other person was in official detention;

    (c) that the other person was under the custodial, supervisory, or disciplinary authority of the Defendant;

    (d) that the Defendant's conduct occurred in a federal prison.

2b. The essential elements of Count Two of the Information are:

    (a) The Defendant was a public official, as defined in 18 U.S.C. § 201(a)(1);

    (b) The Defendant directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept a thing of value personally;

1

    (c) The Defendant sought, accepted, or agreed to accept the thing of value for or because of an official act, as defined in 18 U.S.C. § 201(a)(3), that was performed or was to be performed.

3. The parties agree that, as to the Information, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and that these facts are true. The parties further agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial:

    (a) On or about December 1, 2023, and continuing through on or about February 29, 2024, the Defendant was employed by the United States Bureau of Prisons, an agency of the United States, as a Recreational Specialist at Federal Medical Center ("FMC") Lexington in Fayette County, Kentucky. FMC Lexington is a federal prison managed by the Bureau of Prisons. During that time, Person A was an inmate in official detention at FMC Lexington and under the Defendant's custodial, supervisory, and disciplinary authority. On one or more occasions, between on or about December 1, 2023, and continuing through on or about February 29, 2024, the Defendant knowingly engaged in sexual contact with Person A, wherein Person A directly and intentionally touched the buttocks, genitalia, breast, and inner thigh of the Defendant with an intent to arouse and gratify her. During that same period, on one or more occasions the Defendant intentionally touched Person A's genitalia through his clothing. The Defendant knew, based on her training and experience, that any sexual contact between FMC staff and inmates was strictly forbidden and was a federal crime.

    (b) When a FMC Lexington staff member witnesses or reasonably believes that an inmate has committed a prohibited act, such as possession of contraband, the disciplinary process starts. A BOP staff person will issue an inmate an incident report within 24 hours of becoming aware of an inmate's prohibited act, and then the matter would be heard by a disciplinary hearing officer. The Defendant knew that Person A had a cell phone, which is prohibited in federal prison, because she sent him nude photos of herself and spoke to him on his cell phone. The Defendant also brought Person A tobacco and vapes. The Defendant's position as a member of FMC Lexington staff prohibited her from introducing contraband into the prison, and required that she give Person A an

2

incident report when she saw or reasonably believed that he had contraband. The Defendant never issued Person A an incident report for his possession of contraband. She admits that on December 9, 2023, and on January 17, 2024, that she accepted two Cash App payments totaling $500 for providing Person A with contraband and not reporting him for having contraband as was required by her employment.

4. The statutory punishment for each Count of the Information is imprisonment for not more than 2 years, a fine of not more than $250,000.00, and a term of supervised release of not more than 1 year. A mandatory special assessment of $100 per count applies, and the Defendant will pay this to the U.S. District Court Clerk at the time of the sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 2A3.4, a base offense level of 12 applies for Count One.

   (c) Pursuant to U.S.S.G. § 2A3.4(b)(3), increase the base offense level by 2 levels because the victim (Person A) was in the Defendant's supervisory control.

   (d) Pursuant to U.S.S.G. § 2C1.2, a base offense level of 11 applies for Count Two.

   (e) Pursuant to U.S.S.G. § 2C1.2(b)(1), increase the base offense level by 2 because the offense involved more than one gratuity.

   (f) Pursuant to U.S.S.G. § 2C1.2(b)(3), increase the base offense level by 4 because the offense involved a public official in a sensitive position.

   (g) Pursuant to U.S.S.G. § 3D1.2(a), the offenses will group.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. In exchange for the benefits of this agreement, the Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant understands that, by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, she will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout her life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where she resides, is employed, or is a student. The Defendant understands that she shall keep her registration current and

shall notify the sex offender registration agency or agencies of any changes to her name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person her sex offender registration information. The Defendant understands that she will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

9. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind any other United States Attorney's Office or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 11/14/25    By: _____
                  Emily K. Greenfield
                  Assistant United States Attorney

Date: 10·28·2025    _____
                    Ariell L. Zulewski
                    Defendant

Date: 10/28/25    _____
                  Benjamin D. Allen
                  Attorney for Defendant